UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BROUNEY LEWIS, ET AL. | CIVIL ACTION |
| VERSUS | NO: 2:23-cv-6764 |
| TAYLOR-SEIDENBACH, INC., ET AL. | SECTION: T (1) |

## ORDER AND REASONS

Before the Court is a Motion for Summary Judgment (the "Motion") filed by Third-Party Defendant's, Bayer CropScience, Inc., as Successor to Rhone-Poulenc AG Company, f/k/a BayerProducts, Inc., f/k/a Amchem Products, Inc., f/k/a Benjamin Foster Company ("Bayer"). R. Doc. 94. For the following reasons, the Motion is **GRANTED.**

## BACKGROUND

Plaintiffs, Brouney Lewis and Monica Kelly-Lewis ("Mr. and Mrs. Lewis"), filed this lawsuit on September 12, 2023, in state court against various defendants alleging that Brouney Lewis developed lung cancer due to exposures to asbestos while employed by Avondale Shipyards from 1966 to 2012. *See* R. Doc. 1-2. Bayer was not named by Plaintiffs. On November 29, 2023, Huntington Ingalls Incorporated, f/k/a Northrop Grumman Ship Systems, Inc., f/k/a Avondale Industries, Inc., ("Avondale") removed the matter to this Court and asserted a Third-Party Complaint against Bayer. *Id.* Avondale asserted third-party and cross-claim demands against various parties, including Bayer, on the basis of virile share contribution, "for any and all amounts for which it may be cast in judgment and virile share credits or set-offs with respect to all Cross-Claim Defendants and Third-Party Defendants who may settle plaintiffs' claims." R. Doc. 13 at p.

1

13, ¶ 4.

During discovery, the parties uncovered that Plaintiffs filed a claim against Bayer for asbestos injuries in an earlier lawsuit, *In Re: Asbestos Plaintiffs v. Borden, Inc., et al.*, No. 91-18397, Civil District Court for the Parish of Orleans. *See* R. Doc. 94-1 at p. 2. In that case, Mr. and Mrs. Lewis executed and notarized a release which released Bayer from "any and all rights, claims, demands, and causes of action of whatever kind or nature which we now have, or may have in the future for personal injuries, disability, whether total or partial, pain and suffering, mental anguish, mesothelioma, cancer, fear of cancer, or any other asbestos-related disease or condition, whether diagnosed or undiagnosed, wrongful death due to any asbestos related disease or condition, whether malignant or non-malignant, and from any and all loss of damages including, but not limited to, medical and hospital expenses, loss of income, funeral expenses, loss of love, affection, consortium and support, or any other loss or damage of whatever kind or nature, which may be related to, result from or arise out of BROUNEY J. LEWIS's inhalation or ingestion of contact with, or exposure to, or use of asbestos [sold] by any of the Releasees." R. Doc. 94-5. Bayer asserts this 2001 release (the "Release") applies to Plaintiffs' current asbestos claims—Brouney Lewis's alleged lung cancer. *See generally* R. Doc. 94-1.

Bayer now moves for summary judgment to dismiss Avondale's third-party claims against it. Bayer contends that Avondale's third-party demand is predicated only on virile share contribution for settled defendants. *Id.* at 3. Bayer does not dispute that Avondale may later seek virile share contribution at trial. *Id.* However, to achieve its goal of virile share credit for any settled defendants, Bayer maintains that Avondale, not Plaintiffs, will have to prove that the parties

2

released are joint tortfeasors. *Id.* (citing *Raley v. Carter*, 412 So.2d 1045, 1047 (La. 1982)). Yet, Bayer asserts, because it is uncontested that Plaintiffs released *all* asbestos-claims against Bayer, Avondale's third-party claims are likewise precluded. In other words, Bayer argues that under the doctrine of *res judicata*, it is entitled to full dismissal of Avondale's third-party claims with prejudice. *Id.* Bayer maintains that Plaintiffs and Avondale can later contest whether there is sufficient evidence of Bayer's potential fault for Avondale to receive virile share credit. *Id.*

In response, Avondale does not oppose the Motion. R. Doc. 100 at p. 7. It also does not contest that the Release covers Plaintiffs' current asbestos claim. *Id.* at 2. Rather, Avondale seeks to preserve a virile share contribution claim because it allegedly has a right to establish the fault of all settled entities at trial. *Id.* at 2-3. Avondale also requests that the Court's Order and Reasons expressly recognize and preserve Avondale's right to establish Bayer's fault at trial as a settled entity for the purpose of obtaining a virile share credit. *Id.* at 3. It also asks the Court not to dismiss that right with prejudice. *Id.* Plaintiffs did not file an opposition memorandum or join Avondale's response.

In reply, "Bayer takes no issue with the relief requested by Avondale." R. Doc. 104 at 2. Bayer contends it did not move to dismiss, or foreclose, Avondale's ability to seek virile share contribution because Louisiana law establishes that "any remaining defendant at trial is 'entitled to a reduction of the award if the parties released are proven to be joint tortfeasors.'" *Id.* (citing *Raley*, 412 So.2d at 1047).

## **LAW & ANALYSIS**

Summary judgment is proper when "the movant shows that there is no genuine dispute as

3

to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Once the movant does so, the burden shifts to the nonmovant to establish an issue of fact that warrants trial." *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 420 n.4 (5th Cir. 2016). The Court may not grant a motion for summary judgment "simply because there is no opposition." *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). It may however "accept[ ] as undisputed the facts so listed in support of the motion." *Eversley v. MBank Dall.*, 843 F.2d 172, 173–74 (5th Cir. 1988).

Under Louisiana law, a settlement agreement or release can be treated as *res judicata* between the parties who executed it and is given the same effect as a valid and final judgment. *See* La. Civ. Code arts. 3071, 3078; *see also Porter v. Louisiana Citizens Prop. Ins. Corp.*, 11-0101 (La. App. 4th Cir. 8/31/11), 72 So. 3d 946, 948; *Louisiana Workers' Comp. Corp. v. Betz*, 00–0603 (La. App. 4th Cir. 4/18/01), 792 So.2d 763, 766. A party seeking to invoke a release instrument to support exercising *res judicata* bears "[t]he burden of proof ... to establish the requisites for a valid compromise, including the parties' intent to settle the differences being asserted in the action in which it is interposed." *Brown v. Drillers, Inc.*, 630 So. 2d 741, 747 (La. 1994). However, "[w]here a settlement and release refer expressly to the claim sought to be released by the party seeking to enforce the settlement ... the burden [shifts] to the party seeking to oppose the enforcement of the [agreement] to prove that there was no meeting of the minds." *Hymel v. Eagle*, 08-1287, p. 13 (La. App. 4 Cir. 3/18/09), 7 So. 3d 1249, 1257.

A settlement agreement is also a contract. *Dore Energy Corp. v. Prospective Inv. & Trading Co.*, 570 F.3d 219, 225 (5th Cir. 2009) (citing *Trahan v. Coca Cola Bottling Co. United, Inc.*, 894 So.2d 1096, 1106 (La. 2005)). In Louisiana, if the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent and courts must enforce the contract as written. *See* La. Civ. Code art. 2046.

Absent objection from Avondale or Plaintiffs, the Court concludes that, under the doctrine of *res judicata*, the Release is valid and operates to settle and release any asbestos-based claims that Plaintiffs could have brought against Bayer. This point is undisputed and is evidenced by the plain language of the Release. Language that Bayer is released from "any and all rights, claims, demands, and causes of action of whatever kind…which may be related to, result from or arise out of BROUNEY J. LEWIS's inhalation or ingestion of contact with, or exposure to, or use of asbestos" applies to Plaintiffs' current asbestos-related lung cancer claims. *See* R. Doc. 94-5 at p. 1. It also expressly includes "cancer" with the "future [] personal injuries" released. *Id.* "[B]ecause the Release Agreement contains language that includes the specific claims brought in the instant dispute, said claims 'existed' [and were settled] when [Mr. and Mrs. Lewis] signed the Release Agreement." *Savoie v. Pennsylvania Gen. Ins. Co.*, No. CV 15-1220, 2017 WL 4574197, at *3 (E.D. La. Oct. 13, 2017). Moreover, this district and Louisiana courts have routinely upheld such agreements and find they preclude subsequent asbestos-based claims. *See, e.g., Savoie*, 2017 WL 4574197, at *7 (E.D. La. Oct. 13, 2017*)*; *Robichaux v. Huntington Ingalls Inc.*, No. 22-CV-610, 2023 WL 4825239, at *7 (E.D. La. July 27, 2023); *Hymel*, 7 So.3d 1249 (2009); *Joseph v. Huntington Ingalls Inc.*, 2018-02061 (La. 1/29/20); 347 So.3d 579.

5

Bayer has met its initial burden to show that the Release was a valid compromise and Plaintiffs' current lung cancer claims existed and were settled by the Release. Additionally, no party has moved to oppose the invocation of *res judicata*—let alone suggest that the Release was otherwise invalid. *See e.g., Robichaux,* 2023 WL 4825239, at *4; *Savoie*, 2017 WL 4574197, at *2. Therefore, the Court concludes the Release is valid. *See Ellison v. Michelli*, 513 So. 2d 336, 339 (La. Ct. App. 1987). Bayer is accordingly entitled to *res judicata*, and Avondale's third party claims against Bayer are dismissed because "Bayer/Amchem's prior Release operates to settle and release Plaintiffs' claims in this action against Bayer/Amchem." *See* R. Doc. 100 at p. 7; R. Doc. 104 at 3.

To be clear, this order in no way affects Avondale's right to seek virile share contribution against Bayer at trial. Avondale has protected its right under Louisiana law to prove the alleged fault of Bayer at trial and to seek a virile share credit for Bayer's alleged fault. *Cole v. Celotex Corp.,* 599 So. 2d 1058, 1073, fn41 (La. 1982); *see also Gomez v. Aardvark Contractors, Inc.*, No. CV 18-4186, 2020 WL 2473771, at *5 (E.D. La. May 13, 2020) (holding that a solidary obligator can receive a virile share credit from another settled party if they prove a trial, (a) the plaintiffs released a party through settlement and (b) that the released party is a joint tortfeasor) (citing *Wall v. Am. Emp. Ins. Co.*, 386 So. 2d 79, 82 (La. 1980)). Accordingly,

**IT IS ORDERED** that Bayer's Motion for Summary Judgement (R. Doc. 94) is **GRANTED.** Avondale's Third-Party Complaint against Bayer (R. Doc. 13) is **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this 9th day of December 2024.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE