UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BROUNEY LEWIS, et al. | CIVIL ACTION |
| VERSUS | NO: 2:23-cv-6764 |
| TAYLOR-SEIDENBACH, INC., et al. | SECTION: T (1) |

## ORDER AND REASONS

Before the Court are various motions for summary judgment. R. Docs. 134, 138, 145, 163, 166. For the following reasons, the motions are **GRANTED**.

## BACKGROUND

This is an asbestos exposure case. The plaintiffs are Brouney Lewis (the "Decedent") and his successors Monica Kelly-Lewis, Gia Lewis-Grows, and Levar Lewis (collectively, "Plaintiffs"). The named defendants are Taylor-Seidenbach, Inc. ("Taylor-Seidenbach"); General Electric Company ("GE"); Redco Corporation (f/k/a Crane Co.) ("Redco"); Flowserve US Inc. ("Flowserve"); Kohler Co. ("Kohler"); Liberty Mutual Group, Inc., as alleged insurer of Jenkins Valves ("Liberty Mutual"); Huntington Ingalls Incorporated (f/k/a Northrop Grumman Ship Systems, Inc., f/k/a Avondale Industries, Inc.) ("Avondale"); Travelers Indemnity Company, as the alleged insurer of C. Edwin Hartzman, Hettie Margaret Dawes Eaves, John Chantrey, Ollie Gatlin, Earl Spooner, Peter Territo, George Kelmell, James Melton Garrett, Burnette Bordelon, Albert Bossier, Jr., Eddie Blanchard, and John David (J.D.) Roberts ("Travelers"); Mueller Co. LLC ("Mueller"); Certain Underwriters at Lloyd's, London ("Lloyd's"); and Foster Wheeler LLC ("Foster Wheeler"), (collectively "Defendants"). *See* R. Doc. 1-2. Plaintiffs allege the Decedent

1

developed and died from lung cancer because of his exposure to asbestos-containing products while employed at Avondale Shipyards from 1966 to 2012 as a painter and welder. *Id.* at pp. 4–5.

On September 12, 2023, Plaintiffs filed this asbestos action in the Civil District Court, Parish of Orleans. *Id.* Plaintiffs amended the Original Petition for Damages and now assert, among other claims, products liability, negligence, and wrongful death claims against Defendants, the alleged manufactures and suppliers of asbestos-containing products and their insurers. R. Docs. 1-2, 6, 93. On November 11, 2023, Avondale removed Plaintiffs' action to this Court and filed a cross-claim. R. Docs. 1, 13. Avondale's cross-claim against Flowserve, Foster Wheeler, GE, Kohler, Liberty Mutual, Mueller, Redco, and Taylor-Seidenbach (collectively, the "Cross-Defendants") seeks to recover virile share contributions or any allocation of comparative fault found against it. R. Doc. 13. Avondale also asserts a third-party demand against other parties (collectively, the "Third Party Defendants"), including Zurich American Insurance Company ("ZAIC") and Paramount Global (f/k/a ViacomCBS Inc, f/k/a CBS Corporation, f/k/a Viacom, Inc. successor-by-merger with CBS Corporation, f/k/a Westinghouse Electric Corporation) ("Paramount Global"), on the same grounds. *Id.* Avondale contends the Cross-Defendants and Third-Party Defendants in some way mined, manufactured, sold, distributed, supplied, installed, and/or used the asbestos-containing products the Decedent was allegedly exposed to or insured those who did. *Id.* at ¶ 9.

On April 17, 2024, the Court set its scheduling order. R. Doc. 82. Plaintiffs were ordered to identify expert testimony and submit written expert reports, as defined by Fed. R. Civ. P. 26(a)(2)(B), no later than December 26, 2024. *Id.* at p. 3. But they did not. Plaintiffs did not identify

2

experts in their May 1, 2024, Rule 26 initial disclosures. *See* R. Doc. 134-4. Plaintiffs also objected to identifying experts in an August 2, 2024, interrogatory stating they "would provide a list of witnesses in accordance with the Court's scheduling order." R. Doc. 134-5. However, to date, Plaintiffs have not disclosed any expert testimony to support their claims. Conversely, Avondale timely produced an expert report from Andrew J. Ghio, M.D., who attributes Decedent's lung cancer to his smoking, not to asbestos exposure. *See* R. Doc. 134-6.

On the heels of Plaintiffs' failure to identify any expert testimony, many defendants moved for summary judgment. R. Docs. 134, 138, 145, 163. The moving defendants are Avondale, Lloyd's, Liberty Mutual, Flowserve, Mueller, Foster Wheeler, Travelers, and Kohler. *Id.* They argue Plaintiffs cannot sustain any asbestos-based claim because Plaintiffs did not produce any expert testimony or report that establishes specific medical causation—in a timely Rule 26 expert disclosure or elsewhere. *Id.* Plaintiffs do not challenge this argument. Instead, they argue the Court's decision should be postponed due to the discovery of one of the Decedent's living co-workers. R. Doc. 153. On February 14, 2025, Plaintiffs accordingly moved to amend the Court's scheduling order, specifically, "all **remaining deadlines**, as well as the trial date . . .." R. Doc. 159 at p. 2 (emphasis added). By then, Plaintiffs' expert deadline had long passed. The Court granted Plaintiff's motion to continue but only reset the non-elapsed, remaining deadlines. R. Docs. 172, 174. Plaintiffs received the Court's updated scheduling order on March 20, 2025, but they have not moved for leave to continue their expert report deadline, nor have they submitted any expert testimony or report on medical causation.

Also before the Court is Paramount Global's motion for summary judgment to dismiss

3

Avondale's third-party claim.[1] R. Doc. 166. Avondale does not oppose the motion but merely seeks to preserve its right to obtain virile share credit should it be held liable at trial. R. Doc. 176. The Court previously granted a near identical request from another third-party defendant. R. Doc. 111.

## **LAW & ANALYSIS**

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Once the movant does so, the burden shifts to the nonmovant to establish an issue of fact that warrants trial." *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 420 n.4 (5th Cir. 2016). The Court may not grant a motion for summary judgment "simply because there is no opposition." *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). It may however "accept[ ] as undisputed the facts so listed in support of the motion." *Eversley v. MBank Dall.*, 843 F.2d 172, 173–74 (5th Cir. 1988).

Plaintiffs' failure to identify any expert witness testimony is fatal to their claims. Under Louisiana law, in an asbestos exposure case, the plaintiffs must show that (1) "[the complainant] had significant exposure to the product complained of," ("exposure") and that (2) the exposure to the product "was a substantial factor in bringing about his injury[]" ("causation"). *Rando v. Anco*

---

[1] Also pending is ZAIC's motion for summary judgment, R. Doc. 161, to dismiss Avondale's third-party complaint. But that motion is now moot. With consent from Avondale, the Court dismissed Avondale's third-party complaint against ZAIC on February 20, 2025. R. Doc. 171.

*Insulations, Inc.*, 16 So. 3d 1065, 1091 (La. 2009) (quoting *Asbestos v. Bordelon, Inc.*, 726 So. 2d 926, 948 (La. App. 4 Cir. 1998)). Plaintiff must rely on expert testimony with scientific knowledge to prove causation at trial. *See Seaman v. Seacor Marine L.L.C.*, 326 F. App'x 721, 723 (5th Cir. 2009). "Scientific knowledge of the harmful level of exposure to a chemical, plus knowledge that the plaintiff was exposed to such quantities, are minimal facts necessary to sustain the plaintiffs' burden in a toxic tort case." *Allen v. Pa. Eng'g Corp.*, 102 F.3d 194, 199 (5th Cir. 1996). The Fifth Circuit has noted that asbestos cases are "toxic-tort cases. . .[that] require expert testimony to prove causation." *Schindler v. Dravo Basic Materials Co., Inc.*, 790 F. App'x 621, 625 (5th Cir. 2019) (citing *Seaman*, 326 F. App'x at 723–24). Therefore, "[e]xpert testimony is [] required to establish causation." *Seaman*, 326 F. App'x at 723 (citing *Allen*, 102 F.3d at 199).

Expert testimony and reports must be identified in a timely Rule 26 expert disclosure. A party must disclose "all opinions the witness will express and the basis and reasons for them" as well as "the facts or data considered by the witness in forming [their opinions]." Fed. R. Civ. P. 26(a)(2)(B). Expert disclosures must be made "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D).

Plaintiffs have not produced any expert testimony to support causation, let alone done so in a timely Rule 26 expert disclosure. Conversely, there is expert testimony to support that Decedent's lung cancer was caused by his smoking, not by asbestos exposure. R. Doc. 134-6. Thus, Plaintiffs do not a create genuine dispute of material fact as to causation and are incapable of proving it at trial.

The Court's order to grant Plaintiffs' motion to continue the non-elapsed deadlines did not

relieve them of their obligation to identify expert testimony. On February 14, 2025, Plaintiffs specifically moved to continue "the remaining deadlines, as well as the trial date" because of the discovery of a living co-worker, a potential lay witness. R. Doc. 159 at p. 2. Plaintiffs alleged they discovered the new co-worker on January 17, 2025, a month *after* their expert report deadline. R. Doc. 153 at p. 2. The Court granted Plaintiffs' motion to continue but nowhere in the order did it continue the then elapsed expert report deadline. *See* R. Doc. 172. Plaintiffs' expert report deadline was not implicated as the Court's updated scheduling order, issued on March 20, 2025, only continued the non-elapsed deadlines. *See* R. Doc. 182. Plaintiffs have now had nearly six months to file a motion to continue the expert deadline or show good cause for the failure to produce expert testimony. They have not done so. Regardless, the discovery of another lay witness a month *after* the expert report deadline is not good cause to excuse Plaintiffs' failure to identify expert testimony in a timely manner.

Because Plaintiffs have not supported a foundational element of their asbestos exposure claims, the Court must accept Avondale's uncontroverted expert testimony as true and grant the pending summary judgment motions. Also, dismissing all claims against Avondale renders Avondale's third-party and cross-claims as moot. R. Doc. 13. Its claims are only predicated on contribution if Avondale was found liable to Plaintiffs. *Id.* But because Avondale will not be found liable, Avondale has no claim against the Third-Party and Cross Defendants. The only parties that now remain in this action are direct defendants to Plaintiffs' petition who have not moved for summary judgment. Accordingly,

**IT IS ORDERED** that the pending motions for summary judgment, R. Docs. 134, 138,

6

145, 163, 166, are **GRANTED**. The Court will enter judgment in favor of Avondale, Lloyd's, Liberty Mutual, Flowserve, Mueller, Foster Wheeler, Travelers, and Kohler and against Plaintiffs. Plaintiffs claims against these parties are **DISMISSED WITH PREJUDICE**. Avondale's Third-Party Complaint against Paramount Global, R. Doc. 13, is also **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that because there are no pending claims against Avondale, Avondale's Third-Party Claim and Cross-Claim, R. Doc. 13, against all parties is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that ZAIC's motion for summary judgment, R. Doc. 161, is **DISMISSED WITHOUT PREJUDICE**. The motion is moot because ZAIC has already been dismissed from this action.

New Orleans, Louisiana, this 26th day of August 2025.

GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE